DISTRICT OF OREGON

**F I L E D**

**July 07, 2026**

**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_David W. Hercher_
DAVID W. HERCHER
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | |
| **Shahram Shane Samy**, | Case No. 24-61455-dwh7 |
| Debtor. | |
| **Candace Amborn**, trustee, | Adversary Proceeding |
| Plaintiff, | No. 25-06015-dwh |
| v. | **MEMORANDUM DECISION FOR DEFENDANT**[1] |
| **Marjan Golchin**, | |
| Defendant. | |

## I.    Introduction

In this action, the chapter 7 trustee, Candace Amborn, seeks to avoid

and recover a payment to Marjan Golchin.

---

[1] This disposition is specific to this action. It may be cited for whatever
persuasive value it may have.

Page 1 – MEMORANDUM DECISION FOR DEFENDANT

Because the transfer was not by debtor, I will enter judgment for Golchin.

## II.    Findings of fact

The parties filed a joint statement of agreed facts.[2] At trial, Exhibits 1 through 8 and 11 were admitted.[3] Exhibits 9[4] and 10[5] were admitted for the fact that they were issued or entered by the state circuit court but not for the truth of the fact statements in them. All but a specified portion of a set of excerpts from depositions of debtor, Shahram Shane Samy, to which Golchin objected, were admitted.[6] I heard testimony from Samaneh Samy, debtor's former wife. Because the Samys share a last name, I will refer to them as Shane and Samaneh.

Shane and his uncle, Mohammed H. Sadeghi,[7] whom the parties call Moe, were the members of an Oregon limited-liability company called Asan Investments, LLC.[8] In 2012, Moe wanted to divest himself from the business, so he agreed that Shane would take over Moe's equity interest in Asan, and some amount of money would be paid in exchange. In his deposition, Shane testified that the agreed amount to be paid to Moe was $280,000.[9] The parties

---

[2] ECF No. 28.
[3] ECF Nos. 26-1 – 26-8.
[4] ECF No. 26-9.
[5] ECF No. 26-10.
[6] ECF No. 29.
[7] Ex. 2, ECF No. 26-2, at 1.
[8] Ex. 1, ECF No. 26-1, at 1 ¶ A; Ex. 2, ECF No. 26-2, at 1 ¶ A.
[9] ECF No. 29 at 3, reference to 21:8–22:8.

Page 2 – MEMORANDUM DECISION FOR DEFENDANT

disagree about both whether the agreed price was that much and whether the party who agreed to make the payment was Asan or Shane. For reasons I will explain, I need not decide either question.

Moe died in 2022. Shane was then in the middle of an apparently acrimonious divorce action filed by Samaneh, his then-wife. Golchin, who is Shane's aunt and was Moe's wife, asked Shane to pay her the money that was owed to Moe at the time of his death. In March 2022, $280,000 was wire-transferred from Asan's credit-union account to Golchin.

Shane filed his chapter 7 petition in June 2024. Amborn was appointed trustee.[10]

## III.    Jurisdiction and authority

The district court has jurisdiction over this action, which is a civil proceeding arising under title 11 of the United States Code.[11] The district court has referred to this court all bankruptcy cases and proceedings in this district.[12] The action is a core proceeding,[13] which this court may hear and determine.[14]

## IV.    Analysis

At trial, Amborn's theory of avoidance was that the transfer is avoidable under the combined effect of 11 U.S.C. § 544(b) and Oregon Revised

---

[10] Case No. 24-61455.
[11] 28 U.S.C. § 1334(b).
[12] LR 2100-1.
[13] 28 U.S.C. § 157(b)(2)(F), (H).
[14] 28 U.S.C. § 157(b)(1).

Page 3 – MEMORANDUM DECISION FOR DEFENDANT

Statutes chapter 95. Although her lawyer also mentioned the elements of section 548, he conceded that the transfer was outside the two-year limitation period under that section.[15]

Section 544(b) allows the trustee to "avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title . . .." Because section 544(b) permits the avoidance of a transfer only of property of the debtor, Amborn must show that the transfer she wishes to avoid was of property of Shane.

Golchin argues that the payment she received was a wire transfer from a credit union account in Asan's name and thus was literally property of Asan, rather than of Shane. Amborn does not dispute that fact, but she argues that Shane was Asan's sole member and caused the transfer from Asan either to pay a debt of Shane or as a gift, and the transfer reduced the value of Shane's membership interest in Asan, effectively transferring a property interest of Shane.

The determination of property interests in bankruptcy is "generally left . . . to state law."[16] When a federal court must determine which state's law applies to an issue governed by state law, the court applies the choice-of-law rules of the forum state.[17] Because this court sits in Oregon, it applies

---

[15] *See* 11 U.S.C. § 548(a)(1).
[16] Butner v. U.S., 440 U.S. 48, 54 (1979).
[17] Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 833 (9th Cir. 2006).

Page 4 – MEMORANDUM DECISION FOR DEFENDANT

Oregon's choice-of-law rules. Under Oregon Revised Statutes § 15.430(2), if no party raises the issue of applicability of foreign law to a noncontractual claim, the applicable law is that of Oregon.[18] By contrasting Oregon law with foreign law, that statute implies that the legislature meant "foreign law" to be law other than that of Oregon, including the law of other states, not just that of foreign countries. Here, neither party has argued that the law of a state other than Oregon governs the issues in this action—particularly whether Shane has an interest in property of Asan.

Under Oregon law under which Asan was formed, an LLC member "is not a co-owner of and has no interest in specific limited liability company property."[19] An LLC may have a single member,[20] and the LLC statutes "make no distinction between single and multiple member LLCs for the purposes of . . . ownership."[21]

Shane's ownership of his membership interest in Asan does not mean he owned Asan's assets, and Golchin did not receive any part of Shane's membership interest. Even if Asan's payment reduced the value of the membership interest, the transfer was of property of Asan, not of Shane. Amborn does not demonstrate how reduction in the value of the membership

---

[18] Or. Rev. Stat. § 15.430(2).
[19] Or. Rev. Stat. § 63.239.
[20] Or. Rev. Stat. § 63.044.
[21] Benson Apts. LLC v. Douglas Cnty. Assessor, No. TC-MD 040518C, 2005 Or. Tax LEXIS 156, at *6 n.2 (Or. Tax Ct. Jul. 27, 2005).

Page 5 – MEMORANDUM DECISION FOR DEFENDANT

interest, if proved, would fit within any recognized exception to Oregon's rule that an LLC member has no interest in specific LLC property.

Because the money transferred to Golchin belonged not to Shane but instead to Asan, the transfer cannot be avoided. I need not address the other elements of Amborn's claims or any of Golchin's defenses.

## V.   Conclusion

I will enter judgment for Golchin.

# # #

Page 6 – MEMORANDUM DECISION FOR DEFENDANT